# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR35

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| CLINTON WILLIAMS ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss the bill of indictment herein. For the reasons set out below, Defendant's motion is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by bill of indictment with two counts of production and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252A (a)(4)(B). **Bill of Indictment, filed March 25, 2008**. The first count of the indictment alleges that Defendant used materials that had been mailed, shipped, and transported in interstate and foreign commerce to produce visual depictions of a minor engaged in

sexually explicit conduct. The second count alleges Defendant possessed a visual depiction of a minor engaged in sexual conduct and that such depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. *Id*. **at 1-2.**

Defendant is scheduled for trial during the Court's July 2008 term. On June 12, 2008, Defendant moved to dismiss the indictment, contending "the United States has no authority to use its Commerce power to regulate conduct that does not affect interstate commerce." **Defendant's Motion to Dismiss Bill of Indictment, filed June 12, 2008, at 3.** Defendant concedes, however, that current Fourth Circuit law holds "that such conduct as occurred here can be prosecuted by the federal government." *Id.*; *see United States v. Forrest*, 429 F.3d 73 (4th Cir. 2005).

## II.  DISCUSSION

In this case, law enforcement officers from the Valdese Police Department, in Valdese, North Carolina, began an investigation after receiving a report from Defendant's girlfriend that she discovered pornographic images of Defendant's twelve-year-old stepsister on her home computer. **Defendant's Motion, at 4.** Officers responded to the

home Defendant shared with his girlfriend and observed these pictures after his girlfriend provided the officers with consent to search. *Id*. Thereafter, investigators interviewed Defendant at his place of work and he admitted to taking the pictures of his stepsister with a Polaroid camera. *Id*. Subsequent investigation revealed the Polaroid camera was manufactured in China and shipped to California from Hong Kong. *Id*. The basis for federal jurisdiction to bring the charges in the indictment is the use of the Polaroid camera, an item that had traveled in interstate and foreign commerce.

The Fourth Circuit examined and decided this issue in *Forrest, supra.* In that case, the defendant was tried and convicted of violating 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B)[1] by using a Polaroid camera and a digital camera to take pictures of a nude minor. **Forrest, 429 F.3d at 76.** The Government introduced evidence during trial that the digital camera seized during the investigation was manufactured in Asia and the Polaroid camera was manufactured in Massachusetts. *Id.* On appeal, the defendant presented a Commerce Clause challenge to 18 U.S.C. §§ 2251(a) and

---

[1]For the purpose of addressing Defendant's motion to dismiss, the statutes at issue in his case are indistinguishable from the statutes at issue in *Forrest*.

2252A(a)(5)(B), arguing that "applying these statutes to him exceeds Congress's Commerce Clause authority because his private intrastate production and possession of child pornography did not substantially affect interstate commerce." *Id.* at 77. The Fourth Circuit, relying on the Supreme Court's decision in *Gonzales v. Raich*, 545 U.S. 1 (2005), held that there was no error in "applying §§ 2251(a) and 2252A(a)(5)(B) to Forrest's wholly intrastate production and possession of child pornography."[2] *Id*. at 78 (footnote added).

> The case at hand is strikingly similar to *Raich*. In both, Congress exercised its Commerce Clause authority to regulate "quintessentially economic" activities, *i.e.*, those involving the "production, distribution, and consumption of commodities." *Id*. at [26]. True, the regulated commodities differ; in *Raich*, the commodity was marijuana, here it is child pornography. But that distinction is immaterial. In both statutes Congress "directly" regulated economic activity in a "fungible commodity," *id*. at [18], by, *inter alia*, prohibiting its possession. *See also United States v. Buculei*, 262 F.3d 322, 329 (4th Cir. 2001) (holding that possession and production of child pornography "is economic in nature").
> . . .
> In light of these similarities, we can only hold that *Raich* controls the present analysis. As in *Raich*, the general regulatory scheme here governs "quintessentially economic"

---

[2] The Supreme Court in *Raich* considered and rejected a similar Commerce Clause challenge brought under the Controlled Substances Act by wholly intrastate growers and users of medical marijuana. **Forrest, 429 F.3d at 78 (citing *Raich, supra*).**

> activities. *Raich*, [545 U.S. at 26]. Because Congress possessed a rational basis for concluding that the local production and possession of child pornography substantially affect interstate commerce, "the *de minimis* character of individual instances arising under the statute is of no consequence." *Id*. at 18 (quoting *United States v. Lopez*, 514 U.S. 549, 558 [ ] (1995)). Accordingly, Forrest's constitutional challenge, which rests entirely on the asserted *de minimis* economic effect of his own activities . . . must fail.

*Id*. **at 78-79.**

The Defendant here rests his argument on this same *de minimis* argument that was squarely rejected by the Fourth Circuit in *Forrest*. Because it is established precedent in this Circuit that, as a matter of law, a camera, such as the Polaroid camera at issue in this case, moving in interstate commerce, properly evokes federal jurisdiction under §§ 2251(a) and 2252A(a)(5)(B), the Defendant's motion must be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss the indictment is hereby **DENIED.**

Signed: June 24, 2008

Lacy H. Thornburg
United States District Judge